(No. 93-CC-0147-

DEWEY C. DENNINGTON, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed November 17, 1992.*

*Stipulation filed December 1, 1992.*

*Order filed February 19, 1993.*

DEWEY C. DENNINGTON, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (LAWRENCE C. RIPPE, Assistant Attorney General, of counsel), for Respondent.

## ORDER

Montana, C.J.

This cause comes on to be heard on the Respondent's motion to dismiss, due notice having been given, and the Court being advised, finds:

On October 24, 1986, the Claimant was involved in a motor vehicle accident and was subsequently required to post $300 for deposit with the Secretary of State as evidence of financial responsibility in accordance with Ill. Rev. Stat., ch. 95½, par. 7—204. His deposit was accepted on July 1, 1987. On July 24, 1992, he filed this claim seeking a refund of the deposit.

The Respondent filed the motion at bar seeking dismissal on the grounds that the applicable statute of limitations has expired. In support of its motion, Respondent filed several documents from Claimant's file with the Secretary of State's Office as a departmental report under 74 Ill. Adm. Code 790.140. The documents show that the

Claimant was mailed notice of eligibility for return of the deposit on November 22, 1988. This notice, Respondent argues, began the running of the statute of limitations. The applicable statute of limitations is the two-year period provided in section 22(h) of the Court of Claims Act (Ill. Rev. Stat., ch. 37, par. 439.22(h)). Respondent concludes that the two years expired on November 22, 1990, and thus the claim is barred.

We disagree. The Secretary of State documents also show that the Claimant was mailed another notice on July 1, 1991. This notice stated that he had 30 days within which to perfect a claim for the refund with the Office of the Secretary of State. The notice on its face states that it was made pursuant to Ill. Rev. Stat., ch. 95½, par. 7—503. That statute reads as follows:

7—503. Unclaimed security deposits

"§ 7—503. Unclaimed security deposits. During July, annually, the Secretary shall compile a list of all securities on deposit, pursuant to this Article, for more than 3 years and concerning which he has received no notice as to the pendency of any judicial proceeding that could affect the disposition thereof. Thereupon, he shall promptly send a notice by certified mail to the last known address of each depositor advising him that his deposit will be subject to escheat to the State of Illinois if not claimed within 30 days after the mailing date of such notice. At the expiration of such time, the Secretary of State shall file with the State Treasurer an order directing the transfer of such deposit to the general revenue fund in the State Treasury. Upon receipt of such order, the State Treasurer shall make such transfer, after converting to cash any other type of security. Thereafter any person having a legal claim against such deposit may enforce it by appropriate proceedings in the Court of Claims subject to the limitations prescribed for such Court. At the expiration of such limitation period such deposit shall escheat to the State of Illinois."

According to Respondent's position, the statute of limitations would have run before this notice was sent and the language of the quoted statute is a nullity.

We agree that the statute of limitations on this type of claim is two years, but we hold that it does not begin to run until 30 days after the section 7—503 notice is sent.

Until that time the Secretary of State can make the refund. Prior to that time, any claim in the Court of Claims would be premature. This statute provides the Court's jurisdiction over such claims and it expressly gives the Court jurisdiction only after the expiration of the 30-day notice period.

It is hereby ordered that the motion to dismiss be, and hereby is, denied.

## STIPULATION

This is a lapsed appropriation claim. The State agrees to an entry of an award based on the report filed in this matter which provides the following information:

Agency:    Secretary of State
Purpose:    Refund Safety Responsibility Deposit
Fund No.: General Revenue        Amount:    $300.00
Claimant's social security or tax No.:    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

Sufficient funds lapsed to cover this claim.

ROLAND W. BURRIS
ATTORNEY GENERAL OF ILLINOIS

## ORDER

FREDERICK, J.

The record in this cause indicates that this is a standard lapsed appropriation claim which should be paid in accordance with the above stipulation. This payment is made in full and final satisfaction of this claim. It is so ordered.